CLARENCE W. HITCHCOCK, PLAINTIFF IN ERROR, v. ESSEX AND HUDSON GAS COMPANY, DEFENDANT IN ERROR.

Argued November 22, 1904—Decided June 19, 1905.

The plaintiff in his written application to the defendant for a supply of gas in his dwelling, agreed that the defendant's agents should have free access to the meter at all reasonable hours, and might remove the same, and accordingly the defendant installed its meter in the cellar and supplied gas to the plaintiff. Several gas bills due, from the plaintiff, being unpaid, the defendant's agent applied to the plaintiff's wife, who was in charge of the house, for admission to the cellar, to remove the meter, but she refused. Afterwards, in the daytime, the agent forced the outer door of the cellar, entered and removed the meter, using no more force than was necessary, and causing no disturbance whatever to any person. *Held,* that this was not a tort against the plaintiff.

On error to the Supreme Court. For opinion of that court, see 41 *Vroom* 492.

For the plaintiff in error, *Neilson Abeel.*

For the defendant in error, *Riker & Riker.*

The opinion of the court was delivered by

DIXON, J. In January, 1900, the plaintiff presented to the defendant the following application:

"NEWARK, N. J., January 6th, 1900.

"I hereby make application to the Essex and Hudson Gas Company for gas, to be supplied to the premises No. 258 South Eighth street, occupied by me as a residence, and agree to pay for the same promptly, at the regular price and according to the rules of the company; also to hold me responsible for all gas consumed on the said premises until forty-eight hours after notice has been duly given at the office of the company to discontinue the supply.

"It is further agreed that the duly authorized agents of the said company shall have free access to the meter and its connections at all reasonable hours and for any purpose, and may remove the same, and may also, upon my failure to comply with any of the rules of the company, sever the connection with the service pipe, and discontinue the service. .

"C. W. HITCHCOCK."

In pursuance of this instrument the defendant installed its. meter in the cellar of the designated premises and supplied gas to the plaintiff until March, 1903, when, the gas bills for December, 1902, and January and February, 1903, being unpaid, the defendant's agent entered the cellar and removed the meter. For this entry the plaintiff sued the defendant in the Newark District Court, and after a jury trial obtained a verdict for $25 and a judgment thereupon. On appeal to the Supreme Court, that judgment was reversed and a judgment in favor of the defendant ordered. By writ of error, the determination of the Supreme Court has been brought here for review.

The state of the case sent up by the trial court, if viewed in the light most favorable to the plaintiff, presents the following facts: On the morning of March 7th, 1903, the defendant's agent called at the premises, being the home of the plaintiff, and there told the plaintiff's wife, the plaintiff not being home, that he was authorized by the plaintiff to remove the meter, but Mrs. Hitchcock refused to allow him to have access to it; in the afternoon the agent came again, and finding the outside door of the cellar locked he forced it, entered the cellar and removed the meter; at that time no one else was present or knew of his acts. On these circumstances the defendant's counsel, at the trial, moved that a verdict for the defendant be directed, on the ground that the permission contained in the application above set forth justified what the agent had done. The motion was denied, and the propriety of that denial is now the matter to be considered.

It must be noticed that at a reasonable time the defendant's

agent applied to the person in charge of the plaintiff's house for permission to do the very things authorized by the plaintiff—to have free access to the meter and to remove the same; that such permission being refused, he subsequently, at a reasonable time, exercised the authority thus given, without using any more force than was necessary and without causing in the slightest degree any personal disturbance. Unless the application sanctioned this conduct, it is impossible to ascribe to its terms any effect whatever, and in our judgment it must be deemed sufficient for the purpose stated. Although the premises entered constituted the plaintiff's dwelling, and the law regards a home as peculiarly inviolate, yet the plaintiff had the same right to authorize the defendant's agent to enter there as if the place had been an open field.

It is claimed on behalf of the plaintiff that the license which he had granted in his application was revocable, and that it was revoked by the refusal of his wife to permit the entry. This claim would call for some consideration if any evidence had been offered to show that Mrs. Hitchcock was authorized by her husband to revoke his express grant, but there was no such proof, and consequently the claim is baseless.

We conclude that by the entry thus made no tort was committed against the plaintiff.

In the course of her evidence at the trial, Mrs. Hitchcock testified that after the meter had been taken out she charged the agent with having broken into the cellar; that he then went back to examine the lock, and again entered the cellar against her protest. This, which seems not to have been relied on in the trial court, is now urged as sufficient evidence to justify the submission of the case to the jury. If the agent himself were the defendant, this position might be tenable, but there is no indication that in the second entry the agent was engaged in the company's business. That business was finished, and his subsequent conduct seems to have resulted merely from his personal effort to vindicate himself against Mrs. Hitchcock's charge that he had forced the door, a charge which he has always denied.

The Supreme Court lawfully decided that at the trial a verdict for the defendant should have been directed, and therefore that the judgment based on a verdict for the plaintiff should be reversed.

We do not mean to be understood as approving the further order of the Supreme Court that a judgment for the defendant should be entered, but as no error is assigned on that point, the subject is not before us for consideration.

Let the judgment of the Supreme Court be affirmed and the record be remitted.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN.   10.

*For reversal*—None.